**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERISOLES DIAZ DIAZ,

Petitioner,

v.

Case No. 2:26-cv-02426-MIS-GJF

WARDEN, Otero County Processing Center; MARY DE ANDA-YBARRA; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; U.S. ATTORNEY GENERAL; and MARKWAYNE MULLIN,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Erisoles Diaz Diaz's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 27, 2026. Respondents Mary De Anda-Ybarra, Acting Director, U.S. Immigration and Customs Enforcement, and Markwayne Mullin, ("Federal Respondents"),[1] filed an Emergency Motion to Lift Order Enjoining Transfer on July 30, 2026, ECF No. 6, which the Court granted the same day, ECF No. 7. Petitioner filed a Motion to Enforce that order on August 10, 2026, ECF No. 8, and Respondents filed a Response on August 12, 2026, ECF No. 9.

[1] Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner is a citizen of Honduras who entered the country without inspection in 1999. Pet. ¶ 1, ECF No. 1. Neither Party has stated when Petitioner was encountered and detained. See generally ECF Nos. 1-9. Two days after Petitioner filed his Petition, the Court issued an Order to Answer and Show Cause which enjoined Respondents from transferring Petitioner outside the district of New Mexico "while this case remains pending." ECF No. 4.

The next day, on July 30, Respondents filed an Emergency Motion to Lift Order Enjoining Transfer, asking the Court to "lift the prohibition on moving the Petitioner from the State of New Mexico solely for the purpose of facilitating his voluntary departure." Mot. at 1, ECF No. 6. Respondents stated that Petitioner's request for pre-conclusion voluntary departure was granted by an Immigration Judge (IJ) and Petitioner would have to depart on or before September 28, 2026, or be subject to a final order of removal. Id.; Order of IJ at 1, ECF No. 6-1. The Order of the IJ attached to the Motion stated that Petitioner would be "[u]nder safeguards until he departs" but did not specify those safeguards. Order of IJ at 1, ECF No. 6-1.

The Court granted the Motion, ruling that the "prohibition against transferring or removing Petitioner Erisoles Diaz Diaz from the District of New Mexico while this case remains pending, absent a final order of removal, is **LIFTED** solely to facilitate Petitioner's voluntary departure," Order at 1-2, ECF No. 7, and further ruling that within "three days of Petitioner's **release from detention**, Respondents shall file a motion to dismiss the Petition as moot." Id. at 2 (emphasis added). The Court assumed that Respondents filed an Emergency Motion so Petitioner could depart voluntarily—as Respondents represented, see Mot. at 1, ECF No. 6— and to do so Petitioner would have to leave the district of New Mexico, see Order at 1-2, ECF No. 7 Respondents did not file a motion to dismiss.

On August 10, 2026, Petitioner filed a Motion to Enforce the Court's Order, stating that Respondents had failed to comply and had not released Petitioner. ECF No. 8 at 1. On August 12, 2026, Respondents filed a Response arguing that they had regulatory authority to detain Petitioner pursuant to same IJ Order that precipitated the Emergency Motion and that Petitioner must remain in detention until "his departure from the United States." Resp. at 2-3, ECF No. 9

The Court clearly contemplated Petitioner's release in its Order granting the Emergency Motion. ECF No. 7 at 2 ("within three days of Petitioner's release from detention, Respondents shall file a motion to dismiss the Petition as moot"). Despite representing to the Court that Petitioner was departing the district of New Mexico right away on July 30 and not responding to the Court's clear assumption that they were releasing Petitioner, Respondents now claim they must detain Petition for at least two and a half more weeks in New Mexico pursuant to the vague IJ requirement that he be under "safeguards." Resp. at 2-3, ECF No. 9.

The Court finds that Respondents changing positions based on the same IJ order cannot be reconciled, Mot., ECF No. 6; Resp., ECF No. 9, and Respondents failed to articulate a legitimate interest in Petitioner's continued detention, see generally Resp., ECF No. 9. Respondents are ordered to immediately release Petitioner subject to reasonable conditions of supervision. The Court further orders that Petitioner shall not be re-detained before September 28, 2026, without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Respondents are **ORDERED** to immediately release Petitioner subject to reasonable conditions of supervision;

2. Respondents **SHALL NOT** re-detain Petitioner before September 28, 2026, unless Petitioner commits a crime or absconds;

3. Respondents **SHALL** file a Notice of Compliance with this Order; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE